# HIRONS *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 17, October Term, 1955.]

*Decided February 9, 1956.*

Before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from the denial of a writ of *habeas corpus*. This Court has on four previous occasions denied applications by this petitioner for leave to appeal, reported in 196 Md. 679, 198 Md. 662, 201 Md. 652, and 203 Md. 670. In at least two of these applications the point was raised as to the legality of his transfer from the State Reformatory for Males to the Maryland Penitentiary, under the following circumstances: the petitioner was sentenced on May 15, 1949, by the late Judge France, to terms totalling six years in the State Reformatory for assault with intent to kill and carrying a deadly weapon. In October, 1949, he was sentenced by Judge Tucker to twenty years in the Maryland Penitentiary for armed robbery, to run concurrently with his first sentences from May 15, 1949. It was held that the matter of transfer was within the discretion imposed by law upon the Board of Correction, under Code (1951), Art. 27, sec. 794. (By Ch. 758, Acts of 1953, the powers conferred upon the Board of Correction were transferred to the Superintendent of Prisons. See Code (1955 Supp.), secs. 763 and 794.)

The petitioner now alleges that his transfer was not made with the consent or approval of the Board of Correction, but was made solely by virtue of the new sentence which had the effect of superseding the first. He contends that Judge Tucker had no authority to pass a sentence that would take effect before the expiration of the first sentence, and that the second sentence was therefore void. There is no merit in the contention. Judge Tucker had a right to impose sentence either concurrently or consecutively, and it is a novel contention that the petitioner had a vested right to remain in the one institution until he had completed his term there. The petitioner does not suggest that either sentence was illegal in any respect except as to the place of confinement. The second sentence did not supersede the first, although it covered the same period in part. It was within the dis-

cretion of the Board of Correction to keep him in custody at the State Reformatory until the first sentence expired in 1955, or to transfer him to the Penitentiary under the second, which ran concurrently with the first. We have repeatedly held that matters involving transfer from one institution to another are not reviewable on *habeas corpus*. Cf. *Belch v. Raymond*, 196 Md. 649, *Bell v. Warden*, 207 Md. 618, and *Clay v. Warden*, 207 Md. 631. Since the petitioner is lawfully in custody under the twenty year sentence, the court properly denied the writ.

*Application denied, with costs.*