## DAVID JENKINS *v.* WARDEN, MARYLAND PENITENTIARY

[No. 152, September Term, 1967.]

630

*Decided July 26, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial by Judge Shirley B. Jones, sitting in the Criminal Court of Baltimore, of relief sought by the applicant in his petition under the Uniform Post Conviction Procedure Act. On 22 February 1964 the applicant was found guilty of murder in the first degree and robbery with a deadly weapon. On 6 April 1964 he was sentenced to death on the murder conviction and to twenty years on the robbery conviction, to run concurrently with the death sentence. He appealed the judgments but the case was eventually remanded [1] under the rulings of *Schowgurow v. State,* 240 Md. 121 and *Smith v. State,* 240 Md. 464. He elected to void the indictments. He was reindicted and a new trial was held before Judge J. Harold Grady under a charge of murder.[2] On 31 March 1967 Judge Grady, sitting without a jury, found the applicant guilty of murder in the second degree and imposed the maximum sentence of eighteen years, dating from 31 March 1967.[3]

---

1. Court of Appeals No. 276, September Term, 1964.
2. Indictment charging the applicant with robbery with a deadly weapon was stetted.
3. Art. 27, § 414, prior to the 1966 amendment, provided that punishment shall be for not less than five nor more than eighteen

In his petition for Post Conviction Relief, the applicant's sole allegation was that he should have been given credit for all time served in jail from the date of his initial arrest, 4 February 1963, to the date on which the sentence which he is presently serving was imposed, 31 March 1967, and that failure to give such credit resulted in a sentence exceeding the statutory limitation of eighteen years for second degree murder. He was denied relief on 5 December 1967 by Judge Jones on the ground that there was no requirement that the applicant be given credit for any time served prior to his second trial on 31 March 1967, and that it was discretionary with the trial judge as to whether or not he would give credit for jail time served.

In *Reeves v. State,* 3 Md. App. 195, Reeves had been convicted of rape and sentenced to life imprisonment. The conviction was vitiated as a result of Habeas Corpus proceedings in the United States Fourth Circuit Court of Appeals, *Reeves v. Warden,* 346 F. 2d 915. He was retried and the maximum sentence of 20 years allowed by statute under the jury's verdict was imposed, but with no credit given for the prison time served under the first sentence. We held that Reeves was entitled to credit on his second sentence for the time served since the imposition of his original sentence, as otherwise the second sentence would exceed the maximum permitted by law. We felt that to say that the second sentence was proper because it, *per se,* did not exceed the maximum, was to take "a myopic view of its results, which we cannot accept if fundamental fairness is to prevail". p. 204. We think *Reeves* is controlling when the lower court, on retrial, after sentence was imposed at a first trial "hears the case as if it were being tried for the first time, and considers the entire matters of verdict, judgment and sentence as if there had been no prior trial", whether because of a defective indictment or because of error in a first trial. Compare *Moon v. State,* 1 Md. App. 569, 250 Md. 468. So in the

years. Ch. 339, Acts 1966 designated the sentence for murder in the second degree to be "for not more than 30 years" but § 2 of the Act provided that it shall not apply to convictions for murder committed before 1 June 1966.

instant case, by giving no credit for the time served under the first sentences, the lower court, in effect, imposed a sentence which exceeded the maximum of 18 years permitted. But with regard to the time the applicant spent in jail from the date of his arrest, 4 February 1963, to the date of his first sentence, 6 April 1964, as we stated in *Williams v. State*, 2 Md. App. 170, 177, we know of no authority requiring a sentencing judge in this State to give credit for time spent in jail pending a trial and prior to sentencing.[4]

We hold that the 18 year sentence imposed must date from 6 April 1964.

> *Application for leave to appeal granted; case remanded for amendment of sentence in accordance with this opinion.*

---

4. We note that a portion of the time the applicant spent in jail prior to the sentences first imposed was attributable to his filing motions for a bill of particulars and discovery, to his plea of insanity requiring his examination at Clifton T. Perkins State Hospital, to a motion for change of venue which resulted in the first trial being transferred to Caroline County and to a pre-sentence investigation made after verdict.