STATE OF NORTH CAROLINA v. HARVEY CULP

No. 6926SC32

(Filed 13 August 1969)

1. **Indictment and Warrant § 10—     use of alias names in indictment**
    Description of the accused in a bill of indictment by whatever alias names he may have been known to use is proper if done in good faith, and may even afford protection to a defendant if called upon to prove former jeopardy.

2. **Criminal Law §§ 114, 165—     instruction — reference to accused by alias name**
    Although the use of aliases may at some times be associated in the

· public mind with the "criminal" class, defendant in this prosecution for breaking and entering and larceny was not prejudiced by court's references to him in the charge as "Harvey Culp, alias James William Hill," the names used to designate defendant in the indictment, where testimony at the trial raised no question as to the identity of defendant as the person who committed the offenses charged, and the character and credibility of defendant were in no way placed in question.

**3. Criminal Law §§ 102, 116, 165— interrogation of accused in presence of jury as to whether he desired to testify**

In this prosecution for breaking and entering and larceny, defendant was not prejudiced by the fact that his trial counsel, in the presence of the jury, questioned him as to whether he wished to take the witness stand, and at the request of defendant's counsel this question and defendant's answer were repeated into the record by the trial court, where the court instructed the jury that they should not consider the fact that defendant did not testify to his prejudice at any stage of the proceedings, although the better procedure is to place such a statement in the record outside the hearing of the jury.

**4. Criminal Law § 168; Receiving Stolen Goods § 6— instructions — inadvertent reading of receiving count to jury**

In this prosecution upon an indictment charging defendant with felonious breaking and entering, felonious larceny and receiving stolen property, defendant was not prejudiced when the court inadvertently read the receiving count to the jury in the charge, where immediately thereafter the court instructed the jury that they should not consider any portion of the bill of indictment which had to do with receiving stolen goods.

**5. Constitutional Law § 36— cruel and unusual punishment**

Imposition of two consecutive ten-year sentences upon defendant's conviction of felonious breaking and entering and felonious larceny cannot be considered cruel and unusual punishment in a constitutional sense, the sentences being within valid statutory limits.

APPEAL by defendant from *Beal, J.,* 2 September 1968 Schedule "D" Regular Criminal Session of MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment, which designated him as "Harvey Culp, alias James William Hill," with the crimes of felonious breaking and entering, felonious larceny, and receiving. He pleaded not guilty. Evidence for the State was in substance as follows: Shortly before midnight on 2 August 1968 defendant came to a service station located approximately one-half block around the corner from the Hollywood Grill in the City of Charlotte, N. C. There he borrowed a tire tool and rubber hammer, stating he had a flat tire. Approximately fifteen minutes later he returned and asked for a heavier hammer and tire tool, saying he was having a hard time changing the tire. At that time defendant had a gash in his arm and was bleeding. He explained he received this injury while

working on the tire. The filling station operator loaned defendant the heavier tools. The operator became worried that defendant would not bring his tools back and telephoned the police, who dispatched a cruiser to the area. The police found defendant inside the Hollywood Grill and arrested him on the spot. Property belonging to the owner of the Grill, including a check which the owner had left in the cash register on closing the business on the previous afternoon, was found in defendant's pockets. One hammer, a flashlight, and a blood-streaked rag were found inside the Grill. The other hammer was found in an upstairs room propping open a window which had been broken out. The tire tool was found in the grass around the corner of the building. The mesh-wire glass of the door to the Grill had been smashed. Defendant's arm was cut and blood was found inside the Grill and in the upstairs room.

The owner of the Grill testified he had closed it at 3:00 o'clock in the afternoon; that he did not know the defendant; and that he had not given defendant permission to enter the premises.

The jury found defendant guilty of felonious breaking and entering and of felonious larceny as charged in the first two counts of the indictment. The court entered judgment sentencing defendant to prison for a term of ten years upon the verdict of guilty on each count, the sentences to run consecutively. Defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Sidney S. Eagles, Jr., for the State.*

*George S. Daly, Jr., for defendant appellant.*

PARKER, J.

**[1, 2]** Appellant assigns as error the court's references to defendant in its charge to the jury as "Harvey Culp, alias James William Hill," the names used to designate the defendant in the indictment. Description of the accused in a bill of indictment by whatever alias names he may have been known to use, if done in good faith, is proper and may even afford protection to a defendant if called upon to prove former jeopardy. It is true that the use of aliases may at some times be associated in the public mind with the so-called "criminal" class. For that reason some jurisdictions have held that the court's reference to an accused during the course of a trial by an unproved alias name may under certain circumstances constitute prejudicial error. See: *Commonwealth v. Torrealba,* 316 Mass. 24, 54 N.E. 2d 939; *People v. Klukofsky,* 201 Misc. 457, 114 N.Y.S. 2d 679; *State v. Smith,* 55 Wash. 2d 482, 348 P. 2d 417; *United States*

*v. Monroe,* 164 F. 2d 471; *United States v. Solowitz,* 99 F. 2d 714; *D'Allessandro v. U. S.,* 90 F. 2d 640. However, under the circumstances of this case we do not believe the defendant was prejudiced in any way by the court's reference to the alias. Testimony at the trial raised no question as to the identity of the defendant as the person who committed the offense charged. All of the testimony was to the effect that he was arrested while actually in the course of perpetrating the crime. The character and credibility of defendant were in no way placed in question. The only problem for the jury was whether they should believe the State's witnesses. In any event it is incumbent upon appellant to show not only error but that the error was prejudicial. "An error cannot be regarded as prejudicial to a substantial right of a litigant unless there is a reasonable probability that the result of the trial might have been materially more favorable to him if the error had not occurred." *Call v. Stroud,* 232 N.C. 478, 479, 61 S.E. 2d 342, 343.

[3]   Appellant next assigns as error that he was prejudiced in that his trial counsel, in the presence of the jury, questioned him as to whether he wished to take the witness stand, and at the request of defendant's counsel this question and defendant's answer were repeated into the record by the presiding judge. While the better procedure would have been to have this statement placed in the record outside the hearing of the jury, any possible prejudicial effect to defendant was cured when the court, in its charge to the jury, properly and fully instructed the jury that they should not consider the fact that the defendant did not testify to his prejudice at any stage of the proceedings. *State v. Lewis,* 256 N.C. 430, 124 S.E. 2d 115.

[4]   Appellant assigns as error that portion of the court's charge to the jury in which, while reading the bill of indictment, the court read the third count therein which charged defendant with the crime of receiving stolen property. Reading this count was, in the first instance, an obvious inadvertence on the part of the trial judge. Any possible prejudicial effect to defendant was removed when the court, immediately after reading the third count, clearly instructed the jury that they should not consider any portion of the bill of indictment which had to do with receiving stolen goods. The remaining assignments of error directed to the charge have been reviewed and have been found to be without merit.

[5]   Appellant's final assignment of error is that the punishment imposed by the court, which was two consecutive ten-year terms, was "cruel and unusual" within the meaning of Article I, § 14, of the North Carolina Constitution. In this case, the sentences imposed

were within valid statutory limits and cannot be considered cruel and unusual punishment in a constitutional sense. *State v. Robinson,* 271 N.C. 448, 156 S.E. 2d 854; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216; *State v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185.

No error.

MALLARD, C.J., and BRITT, J., concur.