**B. B. WILSON, Appellant,**

v.

**STATE OF NORTH CAROLINA et al., Appellees.**

**No. 13952.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 11, 1970.

Decided Feb. 24, 1971.

---

George Ward Hendon, Asheville, N. C., (court-assigned), for appellant.

Jacob L. Safron, Asst. Atty. Gen. of N. C. (Robert Morgan, Atty. Gen. of N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal raises questions concerning the right of a prisoner to have the time he spends in jail pursuing appeals and awaiting retrial taken into account in determining when he can be considered for parole.

B. B. Wilson, who is serving a life sentence in a North Carolina prison, will be eligible for consideration for parole "when he has served ten years of his sentence." [1] By statute in North Carolina sentences begin to run only after all appeal remedies are exhausted, and in the case of a prisoner serving a life sentence, no credit is allowed for the time he is confined while he appeals. [2] Wilson seeks to have the time he spent in jail between his first conviction and the dis-

1. N.C.Gen.Stat.Ann. § 148–58 (1964). The full text of the statute reads:

"*Time of eligibility of prisoners to have cases considered.*—All prisoners shall be eligible to have their cases considered for parole when they have served a fourth of their sentence, if their sentence is determinate, and a fourth of their minimum sentence, if their sentence is indeterminate; *provided, that any prisoner serving sentence for life shall be eligible for such consideration when he has served ten years of his sentence.* Nothing in this section shall be construed as making mandatory the release of any prisoner on parole, but shall be construed as only guaranteeing to every prisoner a review and consideration of his case upon its merits." [Emphasis added]

2. N.C.Gen.Stat.Ann. § 15–184 (Supp. 1969). provides in part:

"The sentence shall begin as of the date of the commitment in the event the defendant has been admitted to bail pending the appeal. If the defendant has not been admitted to bail pending the appeal, the defendant shall receive credit towards the satisfaction of the sentence for all the time the defendant has spent in custody pending the appeal, except when the sentence is death or life imprisonment * * *."

missal of his final appeal credited toward his parole eligibility date. The district court denied relief on the grounds that no unconstitutional condition had been imposed on Wilson's right to appeal. We hold that Wilson became entitled to credit for the entire period he was detained after he was placed in jeopardy for the offense resulting in his conviction, and we reverse.

Wilson was arrested and jailed on May 15, 1963. Shortly thereafter, he was tried, convicted, and sentenced to life imprisonment for the crime of rape. He appealed successfully, but he was reconvicted and given an identical sentence. His second appeal was dismissed, and he was committed to prison on November 3, 1965. Since, under North Carolina law, his sentence began to run only after his second conviction was affirmed, the date when he will become eligible to be considered for parole has been deferred nearly two and one-half years solely because he pursued his appeal remedies.

In North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969), the Supreme Court held that the constitutional guarantee against double jeopardy "absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense." The Attorney General, however, insists that Pearce is inapplicable because a life sentence lasts for the prisoner's natural life and, therefore, no reduction in sentence by credits of any kind is possible. Had Wilson sought reduction in the maximum length of his life sentence rather than credit towards the date he will first be considered for parole, the Attorney General undoubtedly would be correct. By providing for parole, however, North Carolina, in common with other states, has made consideration for parole as integral a part of punishment by imprisonment as the length of the sentence itself. See Patton v. North Carolina, 381 F.2d 636, 637 (4th Cir. 1967). Moreover, to a man sentenced for life, the date he becomes eligible for parole consideration is paramount. See Holland v. Boles, 269 F. Supp. 221, 224 (N.D.W.Va.1967).

The guarantee against double jeopardy "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076 (1969). Denial of credit to Wilson for the time he spent in jail from the date of his first conviction until the affirmance of his second appeal is multiple punishment. Under Pearce, it must be fully credited to him insofar as possible as "punishment already exacted." Although it cannot be credited against his life sentence, which by its very nature is indefinite, it can be credited toward the ten years he must wait to be considered for parole.

The Attorney General also contends that Pearce is inapplicable on procedural grounds. We are advised that even though § 148–58 of the North Carolina Code specifies when a prisoner shall be eligible for parole, one who is sentenced to life imprisonment is not considered eligible until the Governor commutes his sentence to a term of years. Since commutation is discretionary,[3] and since Wilson's sentence has not yet been commuted, the Attorney General says that Wilson has no date of parole eligibility against which to allow him credit.

The method adopted by North Carolina for establishing parole eligibility for men sentenced to life imprisonment offers no obstacle to the application of Pearce. Wilson does not seek commutation in this proceeding. Rather, he asks only that his record be reviewed at the same time and in the same manner as

---

3. N.C.Const. Art. III, § 6 provides in part: "Reprieves, commutations, and pardons—The Governor shall have the power to grant reprieves, commutations and pardons, after conviction, for all offenses (except in cases of impeachment) upon such conditions as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons * * *."

though he had never appealed. The Board of Paroles is the agency charged with recommending commutation to the Governor. It can readily ascertain the length of time Wilson was imprisoned from the date of his first conviction to the date his sentence began to run following affirmance of his second appeal. In accordance with *Pearce,* the Board must include that time in computing the statutory period of ten years which Wilson must serve before he can be considered for commutation.

On this record we find no merit to Wilson's other claims. The order of the district court is reversed and this case is remanded with directions that in determining the date when Wilson will become eligible for consideration for parole, he be allowed credit for the time he spent in custody from July 20, 1963, the date of his first conviction, until November 3, 1965, the date he was committed to prison on the affirmance of his second appeal.