GEORGE C. HAYNES v. STATE OF NORTH CAROLINA

No. 7216SC765

(Filed 25 October 1972)

1. **Criminal Law § 138— credit on prison sentence — confinement awaiting trial**

   The trial judge properly denied petitioner's request for credit upon his sentence for life imprisonment for time spent in custody awaiting trial since the statute providing for such credit is applicable only to trials commenced after 19 July 1971, defendant's trial having taken place in June 1969, and since the statutory relief is not available to a defendant whose sentence of life imprisonment is affirmed on appeal, as in this defendant's case. G.S. 15-176.2.

2. **Criminal Law § 138— credit on prison sentence — confinement pending appeal**

   Petitioner's request for credit upon his sentence for life imprisonment for time spent in custody pending appeal was properly denied where statutes in effect at the time of his appeal specifically prohibited such relief in cases where the sentence was death or life imprisonment. 1969 Session Laws, Chap. 266, and 1969 Session Laws, Chap. 888.

3. **Criminal Law § 138— credit on prison sentence — relief controlled by state legislature**

   Credit for time spent in custody pending appeal is not required by decision of the Fourth Circuit Court of Appeals; rather, statutory prohibition as provided by the state legislature is controlling.

   Chief Judge MALLARD concurring in result.

ON *certiorari* to review an order of *Hobgood, Judge,* entered during the second week of the 21 February 1972 Session of Superior Court held in ROBESON County.

Petitioner was tried and convicted of murder at the 2 June 1969 Session of Superior Court held in Robeson County; the jury recommended life imprisonment. On 6 June 1969 he was sentenced by the presiding judge to imprisonment for life. Petitioner appealed to the Supreme Court which found no error. *State v. Haynes,* 276 N.C. 150, 171 S.E. 2d 435 (filed 6 January 1970).

On 1 February 1972 petitioner filed the present petition in the Superior Court seeking credit for the time (1) spent in custody awaiting trial, and (2) spent in custody pending his appeal to the Supreme Court of North Carolina. It is stipulated in the record on appeal:

"That the petitioner was in custody subsequent to indictment in October, 1968, until June 6, 1969, in lieu of bond.

"That the petitioner was in custody from June 6, 1969, until January 20, 1970, in lieu of bond pending appeal."

Judge Hobgood denied relief and petitioner sought review in this Court by petition for writ of certiorari. This Court allowed the petition and issued the writ.

*Attorney General Morgan, by Special Counsel Ralph W. Moody, for the State.*

*Dickson McLean and William S. McLean for the petitioner.*

BROCK, Judge.

[1] Time spent in custody awaiting trial:

Until the enactment of G.S. 15-176.2, ratified 19 July 1971, North Carolina did not allow credit on a sentence of imprisonment for time spent in custody awaiting trial. See, *State v. Walker*, 277 N.C. 403, 177 S.E. 2d 868, and cases cited therein. However, the allowance of credit for time spent in custody awaiting trial as provided by G.S. 15-176.2 is not available to defendant. The statute, by its terms, applies only to trials commenced after its ratification, i.e., 19 July 1971. Defendant was tried and sentenced in June 1969. Also, it appears that the statute would not avail defendant relief because of another of its terms: "In the event the defendant is convicted of a crime the punishment of which is either death or life imprisonment, such credit shall not be available for pretrial confinement if the sentence of death or life imprisonment is affirmed upon appeal."

We hold, therefore, that the trial judge was correct in denying petitioner's request for credit upon his sentence for time spent in custody awaiting trial.

[2] Time spent in custody pending appeal:

Defendant was tried and sentenced in June 1969. The opinion of the Supreme Court of North Carolina *(State v. Haynes,* 276 N.C. 150, 171 S.E. 2d 435) was filed 6 January 1970 and certification thereof was received in the Superior Court on 20 January 1970. Therefore, G.S. 15-186.1 as rewritten in 1971

has no application to the time petitioner spent in custody pending appeal. His rights are governed by 1969 Session Laws, Chap. 266, and 1969 Session Laws, Chap. 888.

1969 Session Laws, Chap. 266, amended G.S. 15-184 by inserting provisions which included the following:

> "The sentence shall begin as of the date of the commitment in the event the defendant has been admitted to bail pending the appeal. If the defendant has not been admitted to bail pending the appeal, the defendant shall receive credit towards the satisfaction of the sentence for all the time the defendant has spent in custody pending the appeal, *except when the sentence is death or life imprisonment.*" (emphasis added.)

The foregoing provision of Chapter 266 became effective on 22 April 1969 and remained in effect until 16 June 1969. Therefore, petitioner having appealed on 6 June 1969, it was in effect for the first ten days petitioner was in custody pending appeal.

Effective 16 June 1969, Chap. 888 of the 1969 Session Laws was enacted which repealed Chapter 266. 1969 Session Laws, Chap. 888, after repealing Chap. 266, made provisions which included the following:

> "In the event the defendant has not been admitted to bail pending the appeal, he shall receive credit towards the satisfaction of the sentence for all the time he has spent in custody pending the appeal, *except when the sentence is death or life imprisonment.*" (emphasis added.)

Chapter 888 of the 1969 Session Laws, including the foregoing provision, was codified as G.S. 15-186.1 and remained in effect until it was rewritten in 1971. Therefore, petitioner's appeal having terminated on 20 January 1970, the foregoing provision of Chapter 266, having been carried forward into Chapter 888, was in effect throughout the time petitioner was in custody pending appeal. The provisions, by their clear terms, do not allow credit for time spent in custody pending appeal when the sentence is life imprisonment.

[3] Defendant cites us to *Wilson v. North Carolina*, 438 F. 2d 284 (4th Cir. 1971) as authority that credit should be allowed to petitioner despite our statutory prohibition. This court is

not bound by the pronouncements of the United States Circuit Courts. *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404. We recognize the authority of our legislature to provide the punishment for crimes.

The order of the Superior Court denying petitioner credit for time spent in custody awaiting trial and denying petitioner credit for time spent in custody pending appeal is

Affirmed.

Judge BRITT concurs.

Chief Judge MALLARD concurs in the result.

Chief Judge MALLARD concurring in the result.

On the basis of what was said by this court in *Pinyatello v. State,* 14 N.C. App. 706, 189 S.E. 2d 574 (1972), I concur in the result reached that the superior court was correct in denying petitioner credit for time spent in custody awaiting trial and denying petitioner credit for time spent in custody pending appeal.

While I agree that *ordinarily* this court is not bound by the "pronouncements" of the United States Circuit Courts, I do not agree with the broad statement in the majority opinion that "(t)his court is not bound by the pronouncements of the United States Circuit Courts." For some exceptions to such rule, see 21 C.J.S., Courts, §§ 538, 543.

I do not agree that *State v. Barber,* 278 N.C. 268, 179 S.E. 2d 404 (1971), is authority for the all-inclusive and broad statement in the majority opinion that "(t)his court is not bound by the pronouncements of the United States Circuit Courts." What the Supreme Court did hold in *State v. Barber, supra,* was that the ruling of the Fourth Circuit Court of Appeals in a specific Maryland case was not binding on the Supreme Court of North Carolina.