**Roger Lee MEADOWS, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 71–123–E.**

United States District Court,
N. D. West Virginia.

Jan. 4, 1973.

**384**

Henry K. Higginbotham, Elkins, W. Va., court-appointed, for petitioner.

Richard E. Hardison, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner in the above styled civil action is presently incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia, serving a sentence of not less than five nor more than eighteen years imposed by the Circuit Court of Greenbrier County, West Virginia, on April 27, 1970, upon Petitioner's plea of guilty to a charge of second-degree murder.

In accordance with the provisions of 28 U.S.C. § 2241 et seq., Petitioner has filed for habeas corpus relief in this Court. Exhaustion of state remedies has apparently been accomplished. Petitioner earlier filed for habeas corpus relief with the Supreme Court of Appeals of West Virginia on the grounds herein asserted.

Petitioner's sole prayer for relief is that he be given credit for the time he spent in jail prior to his conviction and sentence, a total of 303 (three hundred and three) days. He alleges that the state's denial of credit constitutes an unconstitutional imposition of multiple punishment for a single crime. After an evidentiary hearing and after consideration of Petitioner's and Respondent's briefs, the Court is of the opinion that the requested relief should be denied.

The essential facts are as follows. Petitioner was arrested on January 14, 1969, and charged with murder. He was incarcerated either in the county jail or the Weston State Hospital from that date until November 13, 1969, when he was granted bail.

Since the appearance of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), there have been a number of cases dealing with the credit for time issue, most notably in this circuit, Wright v. Maryland Penitentiary, 429 F.2d 1101 (4th Cir. 1970), Culp v. Bounds, 325 F.Supp. 416 (W.D. N.C. 1971), and Wilson v. North Carolina, 438 F.2d 284 (4th Cir. 1971).

In *Wright* the petitioner, charged with a nonbailable offense, chose to exercise certain state granted pre-trial rights and as a result an extensive period of time elapsed before he was brought to trial. This period of incarceration, however, was not credited against the maximum sentence received following his conviction. The court concluded that substantial constitutional issues were raised and remanded the case to the district court.

In *Culp* the petitioner, an indigent, spent 40 days in pre-trial custody on two bailable offenses. Upon conviction he was given the statutory maximum sentence. Applying the reasoning of *Pearce* and *Wright*, the court in *Culp* held that failure to grant credit for pre-trial confinement "where petitioner has received a maximum sentence violates the Constitution in two ways." Culp v. Bounds, 325 F.Supp. at 419. First, it constitutes multiple punishment for a single offense, and second it subjects persons who are unable to raise bail to a period of imprisonment exceeding the statutory maximum. See also Parker v. Bounds, 329 F.Supp. 1400 (E. D. N.C. 1971).

These cases demonstrate, however, that the right to credit is not absolute. In addition to showing imprisonment beyond the statutory maximum, Withers v. North Carolina, 328 F.Supp. 1152 (W.D. N.C. 1971), petitioner must show, as in *Culp* that his pre-trial confinement was a result of a constitutional deprivation. In *Culp* the petitioner was confined prior to his trial solely because he was indigent and could not make bail. In *Wright*, supra, an important consid-

eration was the fact that petitioner might have been reluctant to exercise his right to a pre-trial psychiatric examination because of his fear that the length of his confinement, if found guilty, would be longer than the sentence imposed, since credit would not be possible.

In this circuit, as well as in others where this issue has been faced, the initial question should be whether or not Petitioner received the maximum sentence. If this inquiry is answered negatively, there is a valid presumption that the sentencing judge considered pre-trial confinement while imposing sentence. Schreter v. Clark, 457 F.2d 1305 (5th Cir. 1972). If such inquiry is answered affirmatively, the denial of credit may constitute multiple punishment for a single offense.

In the instant case Petitioner was sentenced to an indeterminate sentence of five to eighteen years following his conviction for second degree murder, pursuant to West Virginia Code § 61–2–3 (Michie 1966). The maximum amount of time he could serve under this sentence is eighteen years. If Petitioner is required to serve the full eighteen years, it is quite possible that the denial of credit would amount to the imposition of multiple punishment. It would be inappropriate for the Court now to grant relief upon the possibility that a constitutional deprivation will take place in the future.

The Court does not believe that the indeterminate sentence imposed here is comparable to a determinate maximum sentence. Petitioner here may spend not less than five nor more than eighteen years in prison, depending on the actions of the parole board. The length of Petitioner's incarceration now depends, under West Virginia law, more on his behavior and the action of the parole board than on the indeterminate sentence.

The Court is aware that the United States Court of Appeals for the Fourth Circuit recently said that parole is "as integral a part of punishment . . . as the length of the sentence itself." Wilson v. North Carolina, 438 F.2d 284, 286 (4th Cir. 1971). However, any contention based on *Wilson* that credit should be granted toward Petitioner's eligibility for parole date does not seem appropriate to this action. *Wilson* involved credit for time a prisoner spent in jail subsequent to his first conviction, which was reversed, until his second conviction was affirmed on appeal. The issues in *Wilson* are clearly distinguishable from the present one.

Petitioner here was in pre-trial confinement on what was essentially a non-bailable offense, murder. West Virginia Code § 62–1C–1 (Michie 1966) gives a trial judge discretion to grant bail under these circumstances, but here there is no contention that this discretion was abused during the period complained of or that Petitioner was precluded from bail because of his indigency.

Thus, Petitioner has failed to show confinement beyond the statutory maximum, or other similar constitutional deprivation, and he has also failed to show that the failure of the trial court to exercise statutory discretion, West Virginia Code § 61–11–24 (Michie 1966), to grant pre-trial confinement credit has violated any federally protected constitutional rights.

For the reasons above stated, it is adjudged and ordered that Petitioner's claims for federal habeas corpus relief be, and the same are hereby denied, and the petition herein is dismissed and retired from the docket of this Court.