## D'ALLESSANDRO v. UNITED STATES
(two cases).
### Nos. 6178, 6179.

Circuit Court of Appeals, Third Circuit.
June 10, 1937.

Harry A. Mackey and Samuel Kagle, both of Philadelphia, Pa., for appellant.

J. Cullen Ganey, Acting U. S. Atty., of Bethlehem, Pa., and Gerald A. Gleeson and J. Barton Rettew, Jr., Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before BUFFINGTON AND BIGGS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge.

There was abundant evidence to support a verdict of guilty in these cases. The sole question is thus one of averred trial errors. There were two indictments. One charged the substantive offense; the other the conspiracy to commit it.

The assignments of error are as follows:

1. The refusal to direct a verdict of acquittal of the substantive charge of transporting a woman intending that she should be induced to engage in prostitution.

We have already disposed of this by the finding that there was evidence to support a verdict of guilty.

2. The like refusal in the conspiracy indictment.

To this we make the like answer supplemented by the comments hereinafter made.

3. The like refusal in the count for transporting for the purposes of having the woman engage in prostitution.

To this we make the like answer.

4. This is to the inadvertent error committed by the trial court in imposing a sentence of five years on the conspiracy charge when the maximum sentence is two years.

As there were two indictments and the sentences were concurrent, the error had no practical consequences and is corrected by reducing the sentence on the conspiracy indictment to two years.

5. The testimony objected to was restricted in its effect to the defendants other than the appellant. The assignment of error is unsupported by any exception.

6. The question quoted in this assignment of error was in form objectionable and the objection properly sustained.

■ The defense interposed to the charges of criminality in substance was that although the appellant had a part in the physical act of transportation, he had no criminal part in it because he was in truth an innocent chauffeur. This, if true, was a defense, but its truth was for the jury. The jury were fully justified in discrediting it. The pleadings followed a practice which, although it has been followed for several years, is nonetheless a latter day practice. It is in all cases of joint offenses to indict (as here) not only for the substantive offense committed, but for the conspiracy to commit it. The two offenses are undoubtedly not merely distinct but different and a defendant may be guilty of either. It is difficult, if not indeed impossible, to conceive of a joint offense without a previous conspiracy to commit it.

It is urged upon us, however, that when the substantive offense has been committed, the conspiracy to commit it has become merged or fused into the substantive offense in every real sense and in a very real sense to sentence a defendant for each and both of the two offenses is to punish him twice for one offense.

■ The submission (again as here) of a conspiracy indictment and the substantive offense indictment to one jury may work (as is charged here) to the prejudice of any one of the defendants. Parties to a conspiracy each represent the others and after proof of the conspiracy what one does is admissible against all. Indeed the United States Conspiracy Act expressly provides that a conspiracy to commit an offense, becomes in itself an offense, when followed by an overt act of any of the conspirators, in furtherance of the conspiracy. Thus evidence is admissible against all the defendants in a conspiracy indictment which would not be admissible against one of them in a substantive offense indictment. That is the very thing here averred to have come to pass. It is true this cannot here be assigned for error because, among other reasons, the evidence was admitted without exception, but the objection to it still remains.

■ Another practice which provokes comment is that of loading a defendant with a long list of aliases. This, it is true, may afford protection to a defendant, if called upon to prove former jeopardy. None the less the string of aliases may be so arranged as to carry the implication that the defendant belongs to the so-called criminal class and thus half convict him as soon as the indictment is disclosed to the jury.

■ This appellant, however, cannot be heard to complain either of the form of the indictments or of their having been submitted together to the jury, because he made no appeal to the court to protect him from the evil consequences which he now charges followed.

All the assignments of error are overruled and the judgment of conviction affirmed. The correction of the sentence on the conspiracy indictment may be directed in the mandate.