THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ELI KLUKOFSKY, Alias ELI KAYE, Defendant.

Court of General Sessions of County of New York, June 27, 1951.

*Harry Gittleson* for defendant.

*Frank S. Hogan, District Attorney (Vincent O'Conor* of counsel), for plaintiff.

STEVENS, J. The defendant, in the matter before us, has in effect, combined two motions in one. For purposes of convenience, we will discuss and consider them separately.

In the first instance the defendant moves for permission to inspect the grand jury minutes or, in the alternative, to have the court inspect the said grand jury minutes, and upon its own motion to dismiss the indictment on grounds specified in the moving papers. That motion is denied.

In the second part of the motion papers this defendant, here indicted as "Eli Klukofsky alias Eli Kaye" now moves to strike from the indictment the word "alias", alleging that the use of such term, in the event of a trial, will prejudice the defendant in the eyes of the jury. The defendant points out that he has not previously been convicted of any crime, has used the name "Kaye" over a long period of time, and contends that the connotation to the lay mind is unfavorable and unfair to defendant.

Our decision in this matter is not intended to be all-embracive, but rather is based upon the facts as they appear in the instant case.

Concededly, the assumption of a false name after the commission of a crime to conceal identity and escape detection may well be shown as part of an affirmative case. And the use of the word "alias" in the indictment in such circumstances might or might not result in harm to a defendant. Such, however, is not the case before us.

It might be well to point out also that section 277 of the Code of Criminal Procedure, permits the insertion of the true name of a defendant at any stage of a proceeding where such defendant has been indicted under a fictitious name. And section 310 permits the insertion of the true name on arraignment, where defendant so alleges, but provides "referring also to the name by which he is indicted."

It might seem at first blush that this effectively disposes of the matter. We, however, are inclined to look a little further.

The term "alias" is not a newcomer to the law, nor has it been restricted in its application to those instances such as are before us. It has been used among other purposes to describe a writ. The full form from which the usage exemplified in the instant case is derived — "alius dictus" (otherwise called) —

is used in legal proceedings to connect or identify various names by which a person has been called or known. In time the word "dictus" was dropped, and "alius" or "alias" assumed the entire burden. Age alone, is not a guarantee of excellence. Nor does antiquity render sacrosanct the purely utilitarian. Time passes, customs change. New ideas are accepted or rejected, innovations approved or disapproved. We are not then precluded from re-examining methods or issues which, if altered, might have a salutary effect on the administration of justice, or cement more firmly those rights, fundamental to or inherent in the democratic tradition.

Admittedly, the use of "alias" has extended over such a period of time as almost to have attained the sanction of positive law. It is a term of identification bridging a gap between identities, as well as of convenience. Possibly that is the criterion which has been determinative.

Where the defendant is possessed of a prior criminal record it might be argued that the damage, if such there be, is highly speculative.

This defendant's contention, if entertained, derives its chief merit, in our opinion, from the possibility that the use of the term "alias" might conflict with one of the basic presumptions of the criminal law, and, to the extent of such conflict, infringe upon the rights of the accused.

The law in its wisdom and zeal to safeguard the accused has declared that he is presumed to be innocent until the contrary is proved, and has set the standard of proof required to negative that presumption as beyond "a reasonable doubt". (Code Crim. Pro., § 389.) It has declared that his failure to testify does not create any presumption against him (§ 393), and has forbidden the prosecution to offer proof of the defendant's previous conviction of crime, until or unless the defendant offers proof of his good character (Code Crim. Pro., § 393-c).

If, then, the application or use of the term objected to might produce such an unfavorable mental reaction as to invade the presumption, or require a lesser measure of proof, obviously its usage, despite the convenience, cannot be approved. This is especially true where other terminology, equally available, might serve the same purpose.

Certainly, the term has not been used with the intention of impairing in any way the rights of the defendant, and we should be extremely reluctant to conclude that in the final result there has indeed been any substantial impairment. However, we

would be less than realistic if we did not appreciate that over a period of time the term " alias " has come to connote in the public mind some previous criminal activity.  If that be true, the constant repetition of the word " alias " might well produce a mental reaction unfavorable to a defendant which, if unexplained by him, could make the presumption of doubtful value. The question, we think, is not necessarily, " Does it ", but, " Is it a reasonable assumption that it would? "

Its possible later effect on the jury cannot be disregarded. Indeed, it has been held, where a defendant was indicted under his true name and four aliases, that the clerk is authorized to repeat all names in swearing witnesses, since such names appeared in the indictment.  (*People* v. *Everhardt,* 104 N. Y. 591.)  That ruling is, however, to be distinguished from the instant case in that the defendant here is moving against the term " alias " rather than the use of an additional name for the defendant.

The impact upon the consciousness of a listener of a word which by common usage sets in motion a chain of associated ideas connoting criminal infraction of law where, as here, the adoption of such other name was not assumed as a cloak for criminal activities, might well prejudice this defendant.

The clerk is hereby directed to amend the indictment by striking out the word " alias " appearing therein and inserting the words " also known as ".

The motion is granted as indicated.