**STATE of Missouri, Respondent,**

v.

**James BUTLER, alias James Davis Butler, Appellant.**

**No. 48941.**

Supreme Court of Missouri,

Division No. 2.

Feb. 12, 1962.

Gene R. Martin, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Eugene G. Bushmann, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

A jury found the defendant guilty of burglary in the second degree. There was an allegation and proof of a prior felony conviction and the court fixed defendant's punishment at imprisonment for ten years. This appeal resulted in due course.

No brief has been filed by the defendant. Our review extends to the essential portions of the record and to the assignments of error properly preserved in the motion for new trial.

The first three assignments of error are as follows: "The verdict of the jury is contrary to the law;" "The verdict of the jury is contrary to the evidence;" and

"The verdict of the jury is against the weight of the evidence." These assignments are so lacking in detail and particularity that they present nothing for appellate review. Supreme Court Rule 27.20, V.A.M.R.; State v. Townsend, Mo.Sup., 327 S.W.2d 886[2]; State v. Ivory, Mo. Sup., 327 S.W.2d 870[1]; State v. Benjamin, Mo.Sup., 309 S.W.2d 602[10].

The fourth and fifth assignments of error challenge the sufficiency of the evidence. A jury could reasonably find the following. Wilbur Thompson, superintendent of Mid-Continent Grain Company left and locked the premises of the company about 11 o'clock on Sunday morning, January 15, 1961. The front door and north window of the building were not then broken, and he did not give anyone permission to enter the premises after he left. Sometime that morning, the exact time is not shown, George Price, a member of the Kansas City police department, saw defendant while carrying a "wrecking bar" or crowbar come out of the front door of the two-story office building of Mid-Continent Grain Company. Defendant dropped the crowbar when he saw the officer and he stated that he had seen two men run away from the building but that he had not broken into it. After talking to defendant the police officer permitted him to leave. The officer then inspected the premises and found that the glass in the front door and the glass in the north window had been broken. He called for assistance, apparently on his car radio, and then apprehended the defendant who had walked several blocks from the building. Subsequent investigation disclosed that the north window had been pried and that the screen on the front door and on the window had been pulled loose or broken. When apprehended defendant had elevator dust on his clothing. During the interrogation he stated to officer Price that he had entered the building, but he said the door was open, to steal something to obtain money to buy food. Defendant had in his possession an insulated jacket, a jacket liner, a ball point pen and a fingernail clipper all of which was the property of Wilbur Thompson and which had been left in the office building of the Mid-Continent Grain Company. Sergeant Edward Hasenyager of the Kansas City police department, who responded to officer Price's call for assistance, testified that defendant admitted that he had taken a jacket, a jacket liner, a pen and a fingernail clipper from the office and that the crowbar was his property. In the office building there were miscellaneous desks and grain grading equipment. It is not clear whether the grain was stored in a portion of the building constituting the office or whether the grain tanks or bins were attached to the office building or separated therefrom. It appears by inference that admission to the place where the grain was stored was possible from the office building.

■ Defendant was charged with and found guilty of burglary in the second degree as defined in Section 560.070 RSMo 1959, V.A.M.S. The elements of such offense, applicable to the factual situation, are a breaking and entering of a building in which are kept or deposited any goods, wares, merchandise or other valuable thing, with the intent to steal or commit any crime therein. From the evidence previously set out the jury could reasonably find the existence of each and every element of burglary in the second degree as defined in Section 560.070.

By his sixth assignment of error defendant challenges Instruction No. 2 "because said instruction [1] was not a proper declaration of the law, [2] misdirected the jury to find the defendant guilty of burglary, second degree, and [3] improperly hypothecated facts not set forth in the amended information nor established by the evidence in the case, * * * [4] assumed certain facts to be true, without requiring the jury to make a finding thereof, and it was [5] confusing and misleading, and when read together with other Instructions given, it was confusing, misleading and conflicting." The above numbers and

brackets have been added. In addition, in his eighth assignment of error defendant asserts that the court erred "in failing to fully instruct the jury on all the law covering the issues raised by the amended information and the evidence."

In order for an assignment of error in a motion for new trial to preserve anything for appellate review it must set forth the grounds therefor "in detail and with particularity." Supreme Court Rule 27.20, V.A.M.R. Nowhere in these assignments does appellant state or set forth why or in what manner Instruction No. 2 was deficient, or as to what issue he contends there was no instruction. He states only unsupported conclusions, and it has consistently been held that such general assertions as to the sufficiency of an instruction or as to the failure to instruct present nothing for appellate review. See State v. Johnstone, Mo.Sup., 335 S.W.2d 199[11]; State v. Johnson, Mo.Sup., 286 S.W.2d 787 [2]; State v. Weed, Mo.Sup., 271 S.W.2d 557[4]. Instruction No. 2 was the principal verdict directing instruction, and it is in the form and substance which has been approved by this court in such cases as State v. Jackson, Mo.Sup., 338 S.W.2d 848[5]; State v. Grant, Mo.Sup., 275 S.W.2d 332[6–8]; and State v. Turner, Mo.Sup., 272 S.W.2d 266[16].

Defendant also assigns as error the fact that in Instruction No. 2 and also in the form of verdict instruction he was referred to as "James Butler alias James Davis Butler." He asserts that there was no evidence of any aliases being used by him, and that the use of the alias in the instructions amounted to a comment by the court on evidence not before the jury; that this inferred he had a prior criminal record; and that this violated the purpose and intent of the legislature with reference to trials under the habitual criminal act that the jury should not be informed of the prior criminal record of a defendant.

The evidence shows that when officer Price was interrogating appellant at the office building of Mid-Continent Grain Company he was asked for identification, and that defendant gave the officer a card with the name "Robert Davis" on it and another card with the name "James Davis Butler" on it. This is the only evidence in the record that defendant ever used this name. The evidence of his prior conviction of a felony shows that he was charged under the name of "James Butler." The purpose of the use of an alias in a criminal proceeding is to identify a person, usually the defendant. Why the prosecution deemed it necessary in this case to use an alias in the identification of defendant is not readily apparent. There was no question as to his identity, and the reference in the instructions to an alias served no purpose. However, the use of an alias, although criticized, was held not to be prejudicially erroneous in State v. Daniels, Mo. Sup., 347 S.W.2d 874[6], where there was no evidence before the jury of the use of the alias. Here there was at least some evidence of that fact. The alias involved is confined to the middle name "Davis," and because of such reference we cannot ascribe to the jury a disposition to imply that defendant belonged to the so-called criminal class or that the defendant had a criminal record. The rule adopted in State v. Daniels, supra, at p. 879, is that " 'where * * * a reference to the aliases has crept into the proceedings, the situation on appeal will not be controlled by the application of any abstract principle, but by a concrete appraisal of the significance of the incident in relation to the processes of the trial as a whole.' " While such "television trial" tactics cannot be sanctioned, in view of the fact that there was at least some evidence before the jury of the use of the alias, the assignment of error is disapproved.

Defendant's last assignment of error is that the court "erred in failing to give an instruction on circumstantial evidence because the State's evidence relating to burglary, second degree, was purely circumstantial." Defendant made no request

for an instruction on circumstantial evidence and none was given. The evidence of the breaking in order to effect an entry into the building was circumstantial, but there was direct evidence of the fact of an entry by defendant and of his intent. Under such circumstances no instruction on circumstantial evidence was necessary. State v. Morris, Mo.Sup., 307 S.W.2d 667[11]; State v. Loston, Mo.Sup., 234 S.W.2d 535[7]; State v. Allen, Mo.Sup., 235 S.W.2d 294[4].

Our review pursuant to Supreme Court Rule 28.02, V.A.M.R., discloses no error with respect to the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed, and pursuant to Supreme Court Rule 28.14, V.A.M.R., it is directed that the sentence be executed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.