STATE OF NORTH CAROLINA v. BRUCE ALVIN HARVEY AND ROLAND HENRY, ALSO KNOWN AS LEE NELSON

No. 757SC323

(Filed 6 August 1975)

1. **Criminal Law § 34— evidence of another crime — admissibility for identification**

   In this armed robbery prosecution wherein the State's evidence tended to show that defendants fled the crime scene in a 1968 or 1969 lime-green Cougar with a white top, evidence that defendants, between the time of the crime charged and their apprehension, committed a robbery utilizing a pistol and driving a 1968 or 1969 green car was admissible for purposes of identification in view of their defense of alibi.

2. **Criminal Law § 114— instructions — references to alias**

   In this armed robbery prosecution, defendant was not prejudiced by the trial court's references to him in the jury instructions as "alias Lee Nelson" where the words "also known as Lee Nelson" appear in

State v. Harvey

~the title of the case following defendant's name, evidence of the alias was admitted without objection, and defendant did not move to strike the alias from the title or object to its use by the district attorney or the trial court.

ON writ of *certiorari* to review proceedings before *Peel, Judge*. Judgments entered 8 November 1974 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 18 June 1975.

Defendants were charged in bills of indictment with armed robbery of Alvin Ray Staton on 21 September 1974. Both defendants pled not guilty and were brought to trial.

The evidence for the State tended to show that on 21 September 1974, Alvin Ray Staton, at approximately 3:30 p.m., went to the bus station in Rocky Mount with Kenneth Umstead to pick up his girl friend; that when his girl friend came out, Staton decided to use the bathroom inside the terminal; that after entering the bathroom he was starting to place a coin into one of the stalls when one of the two defendants standing in the bathroom offered him the use of a free stall; that Staton refused the offer but said that he wanted some tissue out of it; that as he entered, the defendant to whom he had been talking shoved him ino the stall and informed him that this was a "stick-up"; that the other defendant was holding a .22 caliber pistol on him and that he handed over his wallet containing $57.00. After giving them the wallet, Staton was tied up with his belt and trousers. The defendants then fled outside where they were seen by Staton's friend hurriedly getting into a 1968 or 1969 lime-green Cougar with a white top. Shortly thereafter Staton came out of the terminal saying he had been robbed and asked Umstead if he had seen two men come out. Then he drove around for some time looking for the car but were unable to find it, so they reported the robbery to the police. On 25 September 1974, Staton saw the lime-green and white Cougar with the two men in it; he summoned the police who thereafter stopped the car and arrested the defendants after they were identified by Staton as the ones who robbed him.

The defendants' evidence tended to show that they were both with a Mrs. Annie Mae Batts on September 21 from 2:00 p.m. to 4:00 p.m. Neither defendant testified.

The jury returned verdicts of guilty as charged and from judgments imposing terms of imprisonment, the defendants petitioned this court for a review.

*Attorney General Edmisten by Assistant Attorney General George W. Boylan for the State.*

*Howard A. Knox, Jr. for the defendants.*

CLARK, Judge.

[1]   The State called Mackey Spruill as a witness; and he testified over defendants' objection that on 23 or 24 September 1974, he was fixing a flat tire on his car near Rocky Mount when the two defendants drove up in a 1968 or 1969 green car with New Jersey tags. One of the two defendants held a pistol on Spruill while they robbed him. Later, when the defendants were arrested, Spruill's driver's license was found in their possession. Spruill identified both defendants in court as the same person using the car.

The defendants submit that the admission of this testimony was error for the reason that the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged. With this general proposition we agree. However, where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1950). In *State v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352 (1944), defendants were charged with first-degree murder. The evidence established that when the defendants entered the victim's store, the victim's wife and a customer were present. After asking for change for a dollar and some matches, the defendants drew pistols and informed the victim of the hold-up. As the victim then leaned down below the counter, he was fatally shot. The two defendants fled from the store and were seen by two witnesses coming across the street and getting into a blue Ford. Each witness saw the defendants clearly as they passed within ten feet of them. Another defendant was identified as sitting behind the wheel of the Ford awaiting the other two. Evidence was then introduced over objection that these same three defendants, twenty-seven days after the alleged murder, were observed driving the same blue Ford and shortly thereafter were observed entering a filling station and with

pistols robbing the proprietor of $140. The Supreme Court ruled the evidence admissible and competent to show the identity of the persons and the crime under an exception to the general exclusionary rule. We are unable to distinguish the present case from the *Biggs* case. Here much significance was attached to the green car with New Jersey license plates, which led to the apprehension of the defendants. Consequently, the evidence that the defendants, between the time of the crime charged and their apprehension, committed a robbery utilizing a pistol and driving a green car with New Jersey license plates was relevant and admissible for purposes of identification in view of their defense of alibi.

The defendants further complain that even if the evidence was admissible, they were prejudiced by the failure of the trial court to limit its admissibility to its proper purpose. However, at no place in the record does it appear that the defendants requested such an instruction. Under the well-recognized rule, if evidence is competent for one purpose only and not for another, it is incumbent upon the objecting party to request the court to restrict the consideration of the jury to that aspect of the evidence which is competent. *State v. Goodson,* 273 N.C. 128, 159 S.E. 2d 310 (1968) ; *State v. Alexander,* 16 N.C. App. 95, 191 S.E. 2d 395, *cert. denied,* 282 N.C. 305, 192 S.E. 2d 195 (1972) ; and 2 Strong, N. C. Index 2d, Criminal Law, § 95 (1967). In view of the foregoing, this assignment of error is overruled.

[2]   The defendant Henry assigns as error the repeated reference to him by the trial judge as "alias Lee Nelson" in his instructions to the jury. The word "alias" derives from the term "alias dictus" which literally means "otherwise called," and indicates that the accused is called by one or the other names. 3 C.J.S., Alias, (1973). It is generally known that some criminals assume another name for the purpose of avoiding apprehension, and the word "alias" has come to connote in the public mind some previous criminal activity. The constant repetition of the word during trial *(People v. Klukofsky,* 201 Misc. 457, 114 N.Y.S. 2d 679 (1951) ), or loading the accused with a long list of aliases *(D'Allessandro v. U. S.,* 90 F. 2d 640 (3d Cir. 1937) ) has been criticized. In *People v. Grizzel,* 382 Ill. 11, 46 N.E. 2d 78 (1943) where the record showed no substantial evidence of any aliases, the court stated it was improper to refer to the defendants by them and reversed for this and other improper re-

marks. However, where there is evidence at trial that the accused was known by a number of names, or that there is uncertainty as to which of a number of names is his true name, it is generally held that the use of the alias in trial is authorized by the evidence and there is no error. *State v. Loston,* 234 S.W. 2d 535 (Mo. 1950) ; Annot., 87 A.L.R. 2d 1217 (1963).

In the case at bar, in the title of the case following the name of the defendant Henry, the words "also known as Lee Nelson" appear. There was also evidence, without objection, of the alias. It does not appear that at any time before or during trial the defendant moved to strike the alias from the title or objected to the use of the alias by the District Attorney or the trial judge. Where in the title of the case or during trial an alias is used, if the defendant considers it prejudicial, he has the burden of making a timely motion or objection so that the trial court may take appropriate action; and his failure to do so constitutes a waiver. Too, in this case no prejudice is shown because the use of the alias was justified by the evidence.

We find

No error.

Judges MORRIS and VAUGHN concur.