STATE OF NORTH CAROLINA v. MILTON LEON COLLINS

No. 752SC833

(Filed 7 April 1976)

1. Criminal Law § 88— cross-examination of witnesses — limitation by court proper

In a prosecution for assault with a deadly weapon with intent to kill, defendant's contention that the trial court allowed the district attorney to impeach the defendant and show his character and reputation as a dangerous and violent man but refused to allow the defendant's counsel to impeach the prosecuting witness or show his

reputation as a dangerous and violent man is untenable, since the court did no more than properly exercise its discretion in controlling the cross-examination of witnesses.

2. **Assault and Battery § 15— assault with deadly weapon with intent to kill — instructions proper**

In a prosecution for assault with a deadly weapon with intent to kill, the trial court adequately summarized defendant's evidence and related the law to the evidence and sufficiently defined the assault charged in the bill of indictment; moreover, the court's error in inadvertently instructing that the jury should return a verdict of guilty of assault with a deadly weapon inflicting serious injury with intent to kill upon a finding of the essential elements of assault with a deadly weapon inflicting serious injury was not prejudicial to defendant since he was convicted of the lesser offense.

3. **Criminal Law § 95— instruction as to purpose for which evidence admitted — request necessary**

Failure to include instructions as to the purposes for which the evidence was received is not ground for exception unless counsel has requested such an instruction, and this is true even though the trial court did not explain the difference between substantive and corroborative evidence.

ON *certiorari* to review the trial of defendant before *Winner, Judge.* Judgment entered 6 November 1974 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 11 February 1976.

The defendant, Milton Leon Collins, was charged in a bill of indictment, proper in form, with assault on Leslie Spencer with a deadly weapon with intent to kill inflicting serious injury. After the defendant's plea of not guilty, the State offered evidence tending to show the following.

Leslie Spencer, Nathan Crandle, and the defendant were playing poker at the Do Drop Inn in Washington, North Carolina, on Sunday night, 11 August 1974, when the defendant and Spencer got into an argument over who had won one of the hands. They exchanged certain expletives before Spencer took the "pot." The defendant was preparing to deal when suddenly he put down the cards and walked out the door. He returned in a minute or two with a ".38 revolver" and demanded that Spencer give him the money from the game. Spencer argued with him while the defendant held the gun up to the side of Spencer's face. When Spencer turned his head, the defendant shot him in the mouth. Spencer tried to run and the defendant shot him in the hip. Spencer fell on the floor and the defendant fled, hiding at his sister's house overnight. Spencer was rushed to the hos-

pital where he remained for forty days undergoing two operations for the gunshot wounds.

The defendant testified that while there had been an argument over the money in the "pot" he had willingly given it to Spencer. As the defendant prepared to leave, Spencer began cursing him and followed him toward the door. When he was about four feet from the defendant, Spencer reached into his pocket and the defendant "just pulled out [his] gun and started shooting." He testified that he was aware of Spencer's reputation as a "dangerous man" and even though he did not see a weapon he decided to shoot first and ask questions later because as he said, "I know two people dead on that account."

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury. From a judgment imposing a prison sentence of seven to ten years, defendant appealed. However, since he failed to perfect his appeal within the time allowed by G.S. 1-282 and the Rules of Practice in the Court of Appeals, this court allowed his petition for writ of certiorari to review the case on its merits.

*Attorney General Edmisten by Associate Attorney Cynthia Jean Zeliff for the State.*

*Carter and Archie by Samuel G. Grimes for defendant appellant.*

HEDRICK, Judge.

[1]  Defendant's first assignment of error is based on four exceptions to the rulings of the court on questions objected to on cross examination. Defendant contends that the court allowed the district attorney to impeach the defendant and show his character and reputation as a dangerous and violent man but refused to allow the defendant's counsel to impeach the prosecuting witness or show his reputation as a dangerous and violent man. Defendant states the proposition much too broadly. The district attorney asked one question of the defendant, wherein he inquired as to prior convictions for breaking, entering, and larceny. The question as asked was unobjectionable and the court's overruling the defendant's objection was proper. Inquiry of a witness into prior convictions for certain crimes is relevant to impeach the witness. *State v. Gaiten*, 277 N.C. 236, 176 S.E. 2d 778 (1970). On the other hand, the district attorney objected to three questions asked by defendant's counsel. We have exam-

ined the questions and find the ruling proper in each case. One was not even a question but a narrative statement by defendant's counsel; the second was irrelevant; and the third, directed to Captain Harry Stokes of the Washington Police, was a question as to whether the witness had "a copy of Mr. Spencer's record showing what he had been convicted of." The latter question was clearly objectionable because it assumed that Spencer had a criminal record. Contrary to the argument of the defendant, the trial court did no more than properly exercise its discretion in controlling the cross-examination of each witness. These exceptions are not sustained.

[2]   Defendant's next three assignments of error are based on exceptions to the trial court's instructions to the jury. The defendant first argues that there was an inadequate summarization of defendant's evidence and that the court failed to relate the law to the evidence. Contrary to defendant's contentions, the trial court adequately summarized defendant's evidence; and while the application of the law to the evidence could have been more fully stated, it was adequate for the jury to understand the issues involved.

Defendant next contends the trial court gave a "confusing and inadequate explanation" of the elements of the offense charged and all the lesser included offenses. At one point in the charge, the court in enumerating the essential elements of assault with a deadly weapon inflicting serious injury inadvertently stated that upon a finding of those elements the jury should return a verdict of guilty of assault with a deadly weapon inflicting serious injury "with intent to kill." Since the defendant was convicted of the lesser offense, no possible prejudice could have resulted from this inadvertent mistake.

The defendant contends the court erred by not defining an assault. The court sufficiently defined the assault charged in the bill of indictment and the lesser included offenses arising on the evidence given in the case by enumerating the several elements of each offense.

[3]   The defendant contends he was prejudiced by the failure of the trial court "to give the jury a cautionary instruction that certain testimony was admissible only for the purpose of corroboration if they found that it did corroborate." Failure to include instructions as to the purposes for which the evidence was received is not ground for exception unless counsel has requested such an instruction. This is true even though the trial

court did not explain the difference between substantive and corroborative evidence. *State v. Lee*, 248 N.C. 327, 103 S.E. 2d 295 (1958). The assignments of error to the trial court's instructions to the jury are overruled.

By his final assignment of error, defendant contends the court should have granted a mistrial due to the manner in which the court took the verdict. It appears from the record that there was some confusion on the part of the foreman of the jury when the clerk made inquiry of the jury as to its verdict. Under the circumstances, it was the duty of the trial court to clarify the verdict. *State v. Miller*, 268 N.C. 532, 151 S.E. 2d 47 (1966). Upon a polling of the jurors, each affirmed the verdict as taken. No prejudice resulted to the defendant.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.