STATE OF NORTH CAROLINA v. DONALD LEE ARMSTRONG

No. 7918SC703

(Filed 5 February 1980)

1. **Searches and Seizures § 40— search under warrant—seizure of item not within purview of warrant**

    An officer lawfully seized a stolen television set during a search of defendant's home pursuant to a warrant to search for evidence of another crime where the officer knew that defendant had been identified as the person who had stolen such a television set, the officer discovered that a number engraved on the back of the set matched the driver's license number of the owner, and the officer thus had probable cause to seize the set. G.S. 15A-253.

2. **Criminal Law § 75.3— in-custody statements—effect of officers' statements to defendant**

    Defendant's in-custody statements to police officers about two break-ins were not rendered involuntary by the fact that officers advised defendant that they weren't interested in his driving violations, asked defendant whether he had a girlfriend in the area where the break-in occurred and stated that they would not tell his wife, told defendant they had obtained his fingerprints from the front window of one of the houses broken into, and showed defendant a stolen television set found in his home and told him that he had been identified as the man who had stolen it.

3. **Criminal Law § 34.5— evidence of another crime—admissibility to show identity**

    Evidence that defendant attempted to burglarize another home in the same area on the night following the burglary in question was properly admitted for the purpose of identifying defendant as the perpetrator of the crime charged where the evidence tended to show that both crimes were committed in the same manner and by the same person.

4. **Criminal Law § 95.1— evidence admitted for limited purpose—necessity for request for limiting instruction**

    The trial court did not err in failing to give a limiting instruction concerning evidence of another crime admitted to show identity where defendant made no request for such an instruction.

APPEAL by defendant from *Davis, Judge.* Judgment entered 18 January 1979 in Superior Court, GUILFORD County. Heard in the Court of Appeals 9 January 1980.

On 8 September 1978, Tammy, Tonya and Chequetha Lanier were asleep in their bedroom. Their mother, Gail Lanier, was working the third shift at Cone Mills. Around 1:00 o'clock that morning, Tammy, age 11, heard a noise, awoke, and saw a man

remove the television set from her room and walk out the back door of the house. The burglary was not reported to the police.

On 9 October 1978, Mrs. Elizabeth Franklin was awakened by a noise from the back and side of her home. Mrs. Franklin tried to turn on the lights, but they would not work. She became frightened and tried to use the telephone, but it was out of order. Finally, she looked out the window and saw a man dressed in dark pants and a hooded jacket. The man asked Mrs. Franklin to let him in, but she refused. The man left, but not before tearing off the window screen in Mrs. Franklin's daughter's room.

Greensboro police responded to Mrs. Franklin's call that same night. Two torn window screens were discovered, the electricity had been cut off, and the telephone junction box had been disrupted. One fingerprint was obtained and later identified to be that of the defendant. At trial, Mrs. Franklin identified defendant as the man who had tried to break into her home.

On 11 October 1978, Detective Belvin of the Greensboro police talked to Gail Lanier and learned that a television had been removed from her home. The next day Belvin exhibited a set of six photographs to Tammy, who picked defendant's picture and stated that he was the man who had broken into her room.

Greensboro police went to defendant's home on 13 October. During a search authorized by a valid warrant, Detective Belvin found the back of a television set. The driver's license number engraved on the part matched that of Mrs. Lanier. Subsequently, Belvin entered defendant's home, saw Mrs. Lanier's television in the living room, and seized it.

Defendant was convicted of second degree burglary, and is appealing from the verdict.

*Attorney General Edmisten, by Associate Attorney J. Chris Prather, for the State.*

*Deno Economou for defendant appellant.*

HILL, Judge.

[1] Defendant first assigns as error the trial court's refusal of its motion to suppress the introduction into evidence of the televi-

sion set seized in the search of defendant's home. We hold the television was properly seized and introduced into evidence.

The search was pursuant to a validly issued warrant. G.S. 15A-253 provides that the scope of a search pursuant to a warrant ". . . may be only such as is authorized by the warrant . . . ." Defendant correctly points out that the warrant was for the purpose of obtaining specific property that would connect defendant with the attempted break-in at Elizabeth Franklin's home. No mention was made of the television. However, G.S. 15A-253 also provides that,

> If in the course of the search the officer inadvertently discovers items not specified in the warrant which are subject to seizure under G.S. 15A-242, he may also take possession of the items so discovered.

G.S. 15A-242 allows seizure of an item if there is *probable cause* to believe that it, "(1) Is stolen or embezzled;".

Detective Belvin was on defendant's premises pursuant to a valid warrant. When he saw the back of the television set, Belvin had already spoken to Gail and Tammy Lanier and knew that a man they had identified as the defendant had stolen their television. Detective Belvin also knew that Mrs. Lanier's driver's license number had been engraved on the set, and he had a description of the set. With this knowledge, Belvin had probable cause to seize the television set. The trial court's dismissal of defendant's motion was proper.

[2] Defendant next assigns as error the court's refusal to suppress statements made by him to police officers after he was taken into custody. After the search on the evening of 13 October, defendant was taken to the Greensboro Police Department where he was advised of his constitutional rights but was not immediately placed under arrest. Defendant waived his rights.

Police knew defendant ". . . would deny anything about driving a car because he didn't have any driving license"; and advised him they weren't interested in his driving activities. Defendant was asked if he had a girlfriend in Greenfield Homes, the area where both break-ins occurred. Police told defendant that they would not inform his wife, and defendant stated that he did have a girlfriend who lived on the same street as Elizabeth Franklin.

The police told defendant they knew he had tried to break into Mrs. Franklin's house because they had obtained his fingerprints from the front window and, finally, showed him the Lanier television. They further told him that he had been identified as the man who had stolen it.

Defendant asserts that the combination of these statements subtly intimidated him and rendered his statement involuntary. We disagree. The officer's statement concerning defendant's driving violations served to narrow the questioning and inform defendant that the police were interested in a more serious offense. The statement about defendant's girlfriend could have relieved defendant, giving him a strong alibi for his presence in the area without his wife's finding out. The officer's statements concerning the television and the two identifications were admissible. In the absence of evidence that the officer did anything to put defendant in fear or in hope of reward, the confession given after confrontation with incriminating evidence is competent. *State v. Myers*, 202 N.C. 351 162 S.E. 764 (1932), 4 Strong's N.C. Index 3d, Criminal Law § 75.3, p. 307.

[3] Defendant further assigns as error the trial court's allowance of the State's motion to introduce evidence of another crime allegedly committed by defendant. Armstrong was indicted for burglarizing Gail Lanier's home. Mrs. Franklin testified and identified defendant as the man who attempted to break into her home on 9 October 1978.

In *State v. McClain*, 240 N.C. 171, 173, 81 S.E. 2d 364 (1954), our Supreme Court stated that,

> The general rule is that in a prosecution for a particular crime, the State cannot offer evidence tending to show that the accused has committed another distinct, independent, or separate offense. (Citations omitted.)

The Court then set forth exceptions to the general rule, such exceptions being ". . . as well recognized as the rule itself . . . ." *State v. McClain*, 282 N.C. 357, 361, 193 S.E. 2d 108 (1972).

The fourth exception states that,

> Where the accused is not definitely identified as the perpetrator of the crime charged and the circumstances tend

to show that the crime charged and another offense were committed by the same person, evidence that the accused committed the other offense is admissible to identify him as the perpetrator of the crime charged. (Citations omitted.)

The sixth exception states that,

Evidence of other crimes is admissible when it tends to establish a common plan or scheme embracing the commission of a series of crimes so related to each other that proof of one or more tends to prove the crime charged and to connect the accused with its commission. (Citations omitted.) *State v. McClain*, 240 N.C. 171, 176, 81 S.E. 2d 364 (1954).

*Stansbury* succinctly summarizes the exceptions by stating that evidence will be admitted,

. . . if it tends to prove any other relevant fact [and] it will not be excluded merely because it also shows him to have been guilty of an independent crime. 1 Stansbury's N.C. Evidence § 91, p. 289 (Brandis rev. 1973).

In the case at hand, defendant was identified by Tammy Lanier as the man who broke into her house. Identification by just one witness, particularly such a young one, is not the kind of definite identification on which the prosecutor would want to rely. Both Tammy and Elizabeth Franklin identified defendant and described him as wearing a hooded top or jacket. Entry into the Lanier home was through a window as was the attempted entry into the Franklin home. In both cases, fingerprint evidence linked defendant to the scene. We hold that the testimony of Elizabeth Franklin was properly admitted.

[4] Defendant's final assignment of error questions the trial court's failure to instruct the jury regarding the evidence of the similar act of attempted breaking and entering that was alleged to have occurred on 9 October 1978.

As we have indicated above, evidence of the separate and distinct crime was relevant and competent.

Where there is evidence that the offense charged and another offense were committed by the same person, evidence of the accused's connection with the other offense is admissible as tending to show his guilt of the one for which

he is being tried. 1 Stansbury's N.C. Evidence § 92, p. 297 (Brandis rev. 1973).

It is our opinion that when evidence of another offense is admitted as it was here, to show identity, the trial court should give a limiting instruction. N.C.P.I.—Crim. 104.15 contains such an instruction.

It was not error, however, for the trial court to fail to give the limiting instruction in this case. In *State v. Harvey*, 26 N.C. App. 716, 217 S.E. 2d 88 (1975), evidence that defendants had committed another crime than the one they were indicted for was used for purposes of identification. As in our case, no limiting instruction was requested by defense counsel, and our Court stated that,

> Under the well-recognized rule, if evidence is competent for one purpose only and not for another, it is incumbent upon the objecting party to request the court to restrict the consideration of the jury to that aspect of the evidence which is competent. (Citations omitted.) *Harvey*, at p. 719.

The rule in *Harvey* was restated in *State v. Collins*, 29 N.C. App. 120, 123-24, 223 S.E. 2d 575 (1976).

> Failure to include instructions as to the purposes for which the evidence was received is not ground for exception unless counsel has requested such an instruction. This is true even though the trial court did not explain the difference between substantive and corroborative evidence. (Citation omitted.)

It is clear from the record that after instructing the jury, the trial court asked defendant's counsel if there were "Any further requests for instructions . . . ." Defense counsel made no request; thus, his final assignment of error is without merit.

For the reasons stated above, we find in the trial of the case

No error.

Chief Judge MORRIS and Judge PARKER concur.