622 P.2d 1035

**STATE of New Mexico, Petitioner,**

v.

**Frank Michael MUNIZ, Respondent.**

**No. 13185.**

Supreme Court of New Mexico.

Jan. 29, 1981.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for petitioner.

Mary Lou Carson, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Muniz was convicted as an habitual criminal. The Court of Appeals reversed the conviction. We granted certiorari and reverse the Court of Appeals as to the only issue before us.

The sole issue is whether the use of Muniz' alias in the jury instructions constitutes reversible error.

One of the convictions relied upon by the State to support the habitual offender charge in this case was based on a 1968 indictment against Muniz for forgery. It was styled "State of New Mexico vs. Frank Muniz, alias Prospero Padilla," and charged him with issuing forged checks payable to "Prospero Padilla."

The jury instruction complained of here made reference to this alias. The instruction also contained various combinations of Muniz' initials, first name, middle name and surname, and connected them together with "aka", thus indicating that they were considered to be aliases. We do not consider that it was in any way prejudicial to Muniz that variations of his real name used in the indictments were also included in the instruction. *See State v. Kibler*, 1 Or.App. 208, 461 P.2d 72 (1969);

*State v. Daniels,* 347 S.W.2d 874 (Mo.1961), *cert. denied,* 369 U.S. 862, 82 S.Ct. 951, 8 L.Ed.2d 19 (1962).

The Court of Appeals relied on *State v. Griffin,* 94 N.M. 5, 606 P.2d 543 (Ct.App. 1980) to reverse the habitual conviction. There is a material difference in the facts between our case and *Griffin.* In *Griffin* the State introduced evidence of a Pennsylvania felony conviction of Kenneth Smitherman. While a fingerprint expert testified that the fingerprints of Smitherman and Griffin were identical, the two names were not connected anywhere else in the record. The Court of Appeals reversed the conviction, stating that giving a jury instruction referring to both the names preempted the jury's function of determining identity.

The evidence in *Griffin* did not connect the defendant with his alias. In *Griffin* it was necessary to prove that Griffin and Smitherman were one and the same person because Griffin had been convicted in New Mexico and Smitherman had been convicted in Pennsylvania. However, in this case, the indictment, which connects the name of Muniz and his alias, was introduced into evidence. Muniz has made no contention in this appeal that the introduction of this evidence was improper.

■ No New Mexico cases have been found on the exact point. The principal objection to the use of an alias in a criminal proceeding is that an alias implies that the defendant belongs to the criminal class and thereby prejudices the jury. *D'Allessandro v. United States,* 90 F.2d 640 (3d Cir. 1937). However, most jurisdictions permit the use of aliases in indictments or jury instructions where there is evidence of the alias and/or the surrounding circumstances reveal no resulting prejudice to the defendant. *Mitchell v. People,* 173 Colo. 217, 476 P.2d 1000 (1970); *State v. Peary,* 176 Conn. 170, 405 A.2d 626 (1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2417, 60 L.Ed.2d 1072 (1979); *Moore v. State,* 156 Ind.App. 687, 298 N.E.2d 17 (1973); *State v. Butler,* 353

S.W.2d 698 (Mo.1962); *State v. Harvey,* 26 N.C.App. 716, 217 S.E.2d 88 (1975); *State v. Kibler, State v. Rose,* 17 Wash.App. 308, 563 P.2d 1266 (1977).

The State urges the adoption of the rule which most jurisdictions apply and which was first set out in *Petrilli v. United States,* 129 F.2d 101 (8th Cir. 1942), *cert. denied,* 317 U.S. 657, 63 S.Ct. 55, 87 L.Ed. 528 (1942). In that case the court stated:

> [W]here ... a reference to the aliases has crept into the proceedings, the situation on appeal will not be controlled by the application of any abstract principle, but by a concrete appraisal of the significance of the incident in relation to the processes of the trial as a whole.

129 F.2d at 104; *Accord, State v. Butler, supra.*

There are very few cases that bear on our issue. The California Supreme Court faced the question of aliases in habitual charges in *People v. Maroney,* 109 Cal. 277, 41 P. 1097 (1895). That court traced the history of the use of aliases in criminal charges from the ancient common law and recognized that "if such an indictment were so framed without reason, we should not hesitate to declare that its reading would prevent the defendant from obtaining the fair and impartial trial to which the law entitles him." 41 P. at 1098. However, the court held that such was not the case in *Maroney* and stated:

> The convictions in these cases were against this defendant, but under the different names charged. For the purpose of identifying him as the person who had suffered those convictions, the use of the alias was not only permissible, but proper.

41 P. at 1098. In *State v. Howard,* 30 Mont. 518, 77 P. 50 (1904), the court considered the use of aliases in proving prior convictions and relied on *Maroney.*

In a more recent case, *Hall v. State,* 158 Tex.Cr.R. 243, 254 S.W.2d 523 (1953), in which two prior convictions were alleged to enhance the punishment, the Court of Crim-

inal Appeals made short shrift of the same argument used by Muniz:

Appellant contends that the use of the word "alias" in the indictment was prejudicial to him and should effect a reversal of this cause. He states that he knows of no authority from any jurisdiction to support his position, and we fail to see any reason or logic which would fortify his contention. The indictment merely alleged accurately the names under which the appellant had been convicted in the prior cases.

254 S.W.2d at 525.

In *Routa v. People,* 117 Colo. 564, 192 P.2d 436 (1948), the court considered a statute similar to ours and stated that the defendant could have admitted the previous convictions or denied his identity. The court held that since he denied his identity, it was incumbent upon the State to prove his identity and the previous convictions, after which it was the statutory duty of the jury to "find whether or not he or she has suffered such previous convictions." 192 P.2d at 438.

The same reasoning applies in our case as in *Routa.* After Muniz denied his convictions, it was the duty of the State to prove them "as charged." § 31–18–20, N.M.S.A. 1978 (Cum.Supp.1980).

Missouri has had this issue before its courts on more occasions than other states. In *State v. Daniels, supra,* the court adhered to the doctrine in *Petrilli, supra,* and held that there was no presumption of prejudice. In *State v. Butler, supra,* the court held that although the evidence of the use of an alias was immaterial to the case, since the evidence was before the jury there was no error for an instruction to show the alias. If there is a question as to the defendant's real name, there is no error in the use of an alias in the proceedings. *State v. Loston,* 234 S.W.2d 535 (Mo.1950).

In *State v. Trevino,* 428 S.W.2d 552 (Mo. 1968), the court held that since the habitual charges were tried to the court rather than to the jury, there was no reason for the alias evidence to go to the jury, but, since the evidence of guilt was overwhelming, the evidence of the use of an alias was of no significance.

 In *State v. Harvey, supra,* as in our case here, the title to the case showed the alias and evidence of the alias was admitted without objection. The court found that the defendant's failure to request the judge to take appropriate action constituted a waiver. Where the defendant has used the alias in question, it is not improper for the evidence to go to the jury. *Antone v. State,* 49 Ariz. 168, 65 P.2d 646 (1937). Where the evidence of the defendant's guilt is strong, then the immaterial evidence referring to an alias can be ignored. *Commonwealth v. Torrealba,* 316 Mass. 24, 54 N.E.2d 939 (1944).

 The description of the accused by whatever alias names he may have been known to use, if done in good faith, is proper and may even afford protection to a defendant if called upon to prove former jeopardy. *State v. Culp,* 5 N.C.App. 625, 169 S.E.2d 10 (1969).

Section 31–18–20, N.M.S.A. 1978 (Cum. Supp.1980) provides that where a person has been charged as an habitual offender the court:

shall inform him of:

(1) the allegations of the information; and

(2) his right to be tried as to the truth thereof according to law.

B. The court shall require the *defendant to say whether or not he is the same person as charged in the information.* If the defendant denies being the same person or refuses to answer or remains silent, his plea or the fact of his silence shall be entered in the record and a jury shall be impaneled to inquire if the offender is the *same person.*

C. If the jury finds that the defendant is the same person and that he was in

fact convicted cf the previous crime or crimes *as charged*, the court shall sentence him . . . . (Emphasis added.)

■ The elements instruction containing the alias designation also instructed the jury that it was required to determine if Frank Muniz, "aka Prospero Padilla," was the same person who was convicted of the prior felonies. Another instruction, based on N.M. U.J.I. Crim. 40.60, N.M.S.A. 1978, instructed the jury that the law presumes that the defendant is not the same person as alleged in each count and that the burden is on the State to prove identity. These instructions simply *told the jury to determine* whether Muniz was the same person that was convicted of the several offenses that where charged in the indictments. The instructions did not preempt the jury's function of *determining* the issue of identity.

■ In this case the defendant denied that he is the same person as Frank Muniz and Prospero Padilla. Under Section 31–18–20, the State had a duty to prove that he was convicted "as charged." The evidence went to the jury that the name of Prospero Padilla was used by Muniz in the two forgeries involved in the 1968 charges. The judgment and sentence also contained the alias. These documents were properly in evidence. Thus, the alias was legitimately a part of the State's case. We find no prejudice. In any event, the evidence of Muniz' guilt of the habitual criminal charge is so overwhelming that the use of an alias in the instructions could be of no significance.

We reverse the Court of Appeals and reinstate the judgment and sentence of the trial court.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissenting.