410 So.2d 182 (1982)
Edward Charles LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-933.
District Court of Appeal of Florida, Second District.
February 10, 1982.
*183 Elliott C. Metcalfe, Jr., Public Defender and Peter A. Dubensky and Becky A. Titus, Asst. Public Defenders, Sarasota, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Edward Charles Lee challenges his conviction and sentence on two counts of burglary. He raises several points; however, we find appellant's contention that the trial court erred in refusing to grant a mistrial is dispositive.
At trial, the prosecutor in his opening statement to the jury mentioned six other names used by the defendant. Defense counsel objected and moved for a mistrial on the ground that Lee had been prejudiced by mention of his aliases. The court denied the motion.
Subsequently, Detective Robert Hampson of the Sarasota County Sheriff's Department, one of the state's chief witnesses, testified as follows:
Q (By Mr. Dannheisser) [prosecutor] Detective Hampson, referring to your knowledge of Edward Charles Lee, are you familiar with what name he uses?
MR. DUBENSKY [defense counsel]: I object. That calls for hearsay unless there were statements made by Edward Charles Lee to this witness, otherwise Detective Hampson is testifying to hearsay regarding any other name, and I would renew my motion I made earlier.
THE COURT: Overruled.
Q (By Mr. Dannheisser) Detective Hampson, what names are you familiar with, if any, that Edward Charles Lee goes by?
A Charles H. Lee. Gregory Lee, Charles 
MR. DUBENSKY: He is reading from a report and no foundation laid for him to do that. The rule of evidence specifies if he is going to refer to a document a predicate has to be laid.
THE COURT: He can refresh his recollection. I see no problem.
Q (By Mr. Dannheisser) You may answer.
A Charles Lee King, Edward Lee King, Edward Charles King, Charles Edward Lee King, Lee King and Leon King. These are all alias names obtained from the FBI on the rap sheet.

(Emphasis supplied.)
Defense counsel again objected and after an unrecorded argument moved for a mistrial on the ground that Detective Hampson's response and his reference to the FBI rap sheet were prejudicial. The trial court also denied this motion. The jury found Lee guilty and this appeal ensued.
It is generally known that some criminals assume another name for the purpose of avoiding apprehension, and the word "alias" has come to connote in the public mind some previous criminal activity. State v. Harvey, 26 N.C. App. 716, 217 S.E.2d 88 (1975). There may be instances where proof or reference to aliases is relevant and material to prove or disprove an issue. However, their admission at trial should be strictly scrutinized as they convey the impression that a defendant belongs to a "criminal class."[1]See D'Allesandro v. United States, 90 F.2d 640 (3d Cir.1937).
*184 We have found no Florida case which holds admission of aliases to be reversible error. Our sister court, in Lamb v. State, 354 So.2d 124 (Fla.3d DCA 1978), held that the trial court did not err in denying defendant's motion to strike an alias from an information. The court noted, however, that there could be situations where the use of one or more aliases would prejudice the defendant's right to a fair trial. We think this is such a case.
The prosecutor's initial recitation of Lee's six other names may not have been prejudicial. But when the state elicited these names from Detective Hampson and he stated that they were obtained from an FBI rap sheet, we think the cumulative effect of these references prejudiced Lee's right to a fair trial. Moreover, proof of the aliases was irrelevant to this case, and since the evidence, while persuasive, was largely circumstantial, the references were particularly harmful to the defendant. Therefore, we hold the court erred in denying the defendant's motion.
In view of our holding, it is unnecessary for us to consider the remaining points Lee urges. However, we think his objections to the manner in which he was sentenced as a habitual offender pursuant to section 775.084, Florida Statutes (1979), deserve mention. Should the state again seek to have the defendant sentenced as a habitual offender, the court must determine that the evidence complies with the requirements of section 775.084(1)(a). Additionally, the court must find the enhanced penalty is necessary for the protection of the public and specify in the record the evidence upon which it relied. § 775.084(3)(d). This affords the defendant an opportunity for meaningful appellate review. Lawson v. State, 409 So.2d 181 (Fla.2d DCA 1982); Bell v. State, 382 So.2d 107 (Fla. 5th DCA 1980); Fry v. State, 359 So.2d 584 (Fla.2d DCA 1978).
Accordingly, we vacate the defendant's conviction, award him a new trial, and remand for proceedings consistent with this opinion.
GRIMES and DANAHY, JJ., concur.
NOTES
[1] "Alias" derives from the term "alias dictus," which literally means "otherwise called." State v. Harvey, 26 N.C. App. 716, 217 S.E.2d 88 (1975). The standard dictionary definition of "alias" is "an assumed name." Yet, the term has an unfavorable connotation in criminal justice. Wilfred Funk points out that "If you have any aliases, it means that you are posing as some `other' person." Word Origins, Bell Publishing Co., 1950, p. 354.