Robbery, first degree; imprisonment for life without parole.
The State's evidence tended to show that appellant and two companions abducted Harold Kent Long on the morning of May 9, 1981, and subsequently robbed him at knife-point of his wallet and wristwatch. Long positively identified appellant at the trial as one of the robbers.
Omitting the formal parts, the indictment charged that:
 "Michael Thatch, alias Michael Lee Thatch, alias Willie Davis, alias Willie Davis, Jr. whose true name is to the Grand Jury unknown otherwise than stated, did, in the course of committing a theft of, to-wit: 7 twenty-dollar bills; 1 ten-dollar bill; 1 five-dollar bill and 1 one-dollar bill, all lawful currency of the United States of America, of the aggregate value of, to-wit: $156.00, and one man's yellow gold Compu Chron LCD Quartz wristwatch, of the value of, to-wit: $50.00, all being of the aggregate value of, to-wit: $206.00, the property of Harold Kent Long, threaten the imminent use of force against the person of Harold Kent Long, with the intent to compel acquiescence to the taking or of escaping with the property, while the said Michael Thatch, alias Michael Lee Thatch, alias Willie Davis, alias Willie Davis, Jr. was armed with a deadly weapon or dangerous instrument, to-wit: a knife, in violation of § 13A-8-41 of the Code of Alabama."
 I
Appellant contends that the trial court erred in overruling his demurrer in which he alleged that the indictment was defective because it did not clearly state what weapon, if any, was used in the commission of the robbery. His argument centers on the phrase "a deadly weapon or dangerous instrument, to-wit: a knife." He maintains the word "or" is "a disjunctive particle expressing an alternative" and therefore the indictment charges that he was armed with an unnamed deadly weapon or a dangerous instrument, that dangerous instrument being a knife. According to appellant, a knife is statutorily defined as a deadly weapon, not a dangerous instrument, and, consequently, the indictment is defective because it fails to sufficiently inform him of the instrument or weapon with which he was allegedly armed.
The terms "deadly weapon" and "dangerous instrument" are defined in § 13A-1-2 (11) and § 13A-1-2 (12), Code of Alabama Supp. 1982, respectively. Our reading of these definitions leads us to conclude that neither definition includes "knives" to the exclusion of the other. Certain types of knives are specifically included within the definition of "deadly weapon," but that definition is not limited to knives of only those types. § 13A-1-2 (11); see Johnson v. State, 406 So.2d 451
(Ala.Cr.App. 1981). Further, any knife, as used to cut or stab a person, is "highly capable of causing death or serious physical injury" and is therefore within the definition of a dangerous weapon. Ala. Code Section 13A-1-2 (12) (Supp. 1982).
In addition, the indictment tracks the pertinent statute, §13A-8-41 (a)(1), virtually word for word and an indictment which charges the statutory offense in the words of the statute is generally valid. Matthews v. State, 401 So.2d 241
(Ala.Cr.App.), cert. denied, 401 So.2d 248 (Ala. 1981); Wilderv. State, 401 So.2d 151 (Ala.Cr.App.), *Page 10 
cert. denied, 401 So.2d 167 (Ala.), cert. denied 454 U.S. 1057,102 S.Ct. 606, 70 L.Ed.2d 595 (1981).
An indictment must clearly inform the accused of the offense with which he is being charged and must do so in language that is readily understood by the ordinary person. Ala. Code §15-8-150 (1975); Matthews, supra. In our judgment, a reasonable reading of this indictment would lead one to understand that appellant was charged with taking certain property from Long while armed with a knife which was either a deadly weapon or a dangerous instrument or both.
At the close of the State's case, appellant moved for a judgment of acquittal. He advanced the same argument outlined above and asserted that there was a fatal variance between the indictment and the proof in that the State had failed to prove the knife used was a dangerous instrument as opposed to a deadly weapon. Our discussion as to the demurrer also applies to this motion. Both the motion and the demurrer were properly overruled.
 II
Appellant insists that he was unduly prejudiced by the aliases contained in the indictment because they intimated to the jury that he had a criminal record or was hiding under an assumed name. He argues that the trial court erred in reading the indictment to the jury at the beginning of the oral charge and also in allowing the district attorney to read the indictment in his opening statement.
Several courts have criticized the practice of indicting a defendant under a list of aliases, recognizing that an alias may imply that the defendant belongs to the criminal class and thereby prejudice the jury. Petrilli v. United States,129 F.2d 101 (8th Cir.), cert. denied, 317 U.S. 657, 63 S.Ct. 55,87 L.Ed. 528 (1942); D'Allesandro v. United States, 90 F.2d 640
(3d Cir. 1937); State v. Daniels, 347 S.W.2d 874 (Mo. 1961), cert. denied, 369 U.S. 862, 82 S.Ct. 951, 8 L.Ed.2d 19 (1962);State v. Howard, 30 Mont. 518, 77 P. 50 (1904). Cf. State v.Peary, 176 Conn. 170, 405 A.2d 626 (1978), cert. denied,441 U.S. 966, 99 S.Ct. 2417, 60 L.Ed.2d 1072 (1979); People v.Klukofsky, 114 N.Y.S.2d 679, 201 Misc. 457 (1951) (both cases criticizing the use of the word "alias" for the same reason). However, most jurisdictions, even those criticizing the practice, permit the use of aliases in indictments or jury instructions where an appraisal of the case as a whole reveals no prejudice to the defendant and/or where evidence of the defendant's use of the alias(es) has been introduced. State v.Muniz, 95 N.M. 415, 622 P.2d 1035 (1981), and cases cited therein. See also Petrilli, supra; Daniels, supra; Howard, supra; State v. Culp, 5 N.C. App. 625, 169 S.E.2d 10 (1969);Toler v. State, 546 S.W.2d 290 (Tex.Cr.App. 1977). This court has implicitly taken the same approach in Smith v. State,401 So.2d 251 (Ala.Cr.App.), cert. denied, 401 So.2d 257 (Ala. 1981), and Harris v. State, 48 Ala. App. 723, 267 So.2d 512
(1972).
In the present case appellant was indicted under two different names and a slight variation of each (a middle name was added to one and "Jr." was added to the other). This is not, in our opinion, of "such serious or critical character as to warrant reversal." Daniels, supra; see also Mitchell v.People, 173 Colo. 217, 476 P.2d 1000 (1970).
Moreover, testimony was adduced at trial to show that appellant was in fact known by both names and their variations. Although appellant maintains that this was also prejudicial, "[w]here the defendant has used the alias in question, it is not improper for the evidence to go to the jury." Muniz, supra;Antone v. State, 49 Ariz. 168, 65 P.2d 646 (1937); see Harris, supra.
 III
Appellant contends that he was erroneously sentenced as an habitual offender to imprisonment for life without parole because § 13A-5-37, Code of Alabama 1975 (repealed effective July 1, 1981), was not complied with.
Section 13A-5-37 and its successor, § 13A-5-54, Code of Alabama Supp. 1982 (effective July 1, 1981), both provide that: *Page 11 
 "Each person indicted for an offense punishable under the provisions of this article who is not able to afford legal counsel must be provided with court appointed counsel having no less than five years' prior experience in the active practice of criminal law." [Emphasis added]
The article referred to in these sections is Article 2 of Chapter 5, Title 13A, and concerns capital offenses. Accordingly, §§ 13A-5-37 and 13A-5-54 apply only to persons indicted for capital offenses. Appellant was not indicted for a capital offense and therefore does not come under the purview of § 13A-5-37.
For the reasons stated above, the judgment of conviction by the Talladega Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.