GRIMES, Acting Chief Judge.
Harry Nelson Corbin appeals his convictions for burglary of a dwelling and grand theft and his enhanced sentences of twenty years and ten years as an habitual felony offender under section 775.084, Florida Statutes (1981).
Corbin contends that the trial court erred in sentencing him as an habitual offender without first finding that his sentences were “necessary for the protection of the public from further criminal activity by the defendant” as required by section 775.-084(4)(a). Corbin does not dispute the facts and circumstances underlying his enhanced sentences. He merely asserts that the *1139 court must repeat the exact statutory language prior to imposing sentence.
Before announcing the sentence the court carefully followed the procedure set forth in section 775.084(3) and made the findings contemplated by section 775.-084(1). At the conclusion of sentencing, when the state attorney requested a finding that the enhanced sentences were necessary for the protection of the public, the court responded by reiterating its previous findings. The court had obviously focused upon the requisite statutory provisions and intended that Corbin be treated as an habitual offender. We hold that these findings of fact were an adequate basis to satisfy the requirements of section 775.084(3)(d). Eutsey v. State, 383 So.2d 219 (Fla.1980); Cavallaro v. State, 420 So.2d 927 (Fla. 2d DCA 1982); Lee v. State, 410 So.2d 182 (Fla. 2d DCA 1982). The findings show on their face that an extended term was necessary for the protection of the public from further criminal activity by the defendant. § 775.084(4)(a). We do not read Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983) as mandating reversal solely because of a failure to recite the “magic words.” Our review of the record leads us to conclude that the court properly complied with the statutory requirements.
We have considered Corbin’s remaining two points and find them to be without merit.
AFFIRMED.
SCHEB and CAMPBELL, JJ., concur.